UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALBERTA L. BAILEY,

      Plaintiff,

v.

SAGINAW CHIPPEWA INDIAN
TRIBE OF MICHIGAN,
d/b/a/ SOARING EAGLE CASINO,
MICHIGAN GAMING CONTROL
COMMISSION, and STATE OF
MICHIGAN,

      Defendants.

_____/

Case No. 5:04-CV-164

Hon. Richard Alan Enslen

**JUDGMENT**

      Defendants Saginaw Chippewa Indian Tribe of Michigan, Michigan Gaming Control Commission and the State of Michigan have each moved for dismissal and/or summary judgment concerning Plaintiff Alberta L. Bailey's *pro se* claims arising from a slip and fall accident at the Soaring Eagle Casino in Mt. Pleasant, Michigan. The issues raised have been sufficiently briefed by the parties such that oral argument is unnecessary.

      All Defendants have moved to dismiss because of lack of subject matter jurisdiction and for failure to state a claim. The Complaint alleges that Plaintiff was injured in a slip and fall accident on tribal property and was denied due process before the tribal courts in violation of 42 U.S.C. § 1983. It also alleges that the State of Michigan was negligent in failing to prevent the injuries and the violations of section 1983. Plaintiff seeks monetary damages from all Defendants.

      Inasmuch as the instant motions are brought, in part, pursuant to 12(b)(1) to dismiss due to lack of subject matter jurisdiction, the Court regards those motions as facial attacks–*i.e.*, they are

premised on the language of the Complaint and assume the truth of the allegations (apart from the legal conclusions). *See Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Regarding all of Plaintiff's claims against Defendants Michigan Gaming Control Commission and the State of Michigan, Defendants are immune from suit pursuant to the Eleventh Amendment to the United States Constitution.[1] The Eleventh Amendment bars suit against a state and its agencies for monetary damages in federal court unless the state has waived immunity or unequivocally consented to suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *MacDonald v. Village of Norrthpoint, Mich.*, 164 F.3d 964, 970 (6th Cir. 1999). The State of Michigan has not consented to even one civil rights suit in the federal courts. *See Abick v. Michigan*, 803 F.3d 874, 877 (6th Cir. 1986). Accordingly, due to the Eleventh Amendment bar, this Court lacks subject matter jurisdiction over said claims.

Plaintiff has also sued Defendant Saginaw Chippewa Indian Tribe of Michigan pursuant to 42 U.S.C. § 1983 due to alleged violations of due process before the tribal court (together with pendent state law claims).[2] Notwithstanding the conclusions reached by Plaintiff, the factual allegations do not imply whatsoever that the Tribe, as part of its tribal adjudications, acted under color of state law. *See E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1305 (10th Cir. 2001). Therefore, there is no subject matter jurisdiction over the Tribe as to Plaintiff's section 1983 claims (nor a basis for liability), nor is there a basis for the finding of a waiver of the Tribe's

---

[1] It is noted that the Commission is a state agency and, therefore, falls within the Eleventh Amendment bar.

[2] Plaintiff's Complaint also references 28 U.S.C. § 1331 (the general federal jurisdiction statute) and 28 U.S.C. § 1343 (the federal statute permitting district courts to exercise jurisdiction over suits brought pursuant to 42 U.S.C. § 1983). It is clear that jurisdiction does not exist under those statutes as distinct from Plaintiff's section 1983 claims.

sovereign immunity. As such, all of Plaintiff's federal law claims against the Tribe will be dismissed.

Having dismissed Plaintiff's federal law claims against the Defendant Tribe, the Court will also dismiss all the remaining state law claims since the Court determines that it would be best to leave the resolution of the remaining state law claims to the state or tribal courts, as the case might be. *See* 28 U.S.C. § 1367(c)(3).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Saginaw Chippewa Indian Tribe of Michigan's Motion to Dismiss (Dkt. No. 10) and Defendants State of Michigan and Michigan Gaming Control Commission's Motion to Dismiss (Dkt. No. 14) are **GRANTED** and this suit is hereby **DISMISSED**.

DATED in Kalamazoo, MI:  
     January 4, 2005

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE